IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

ORCUN SELCUK et al,

        Plaintiffs,

v.

PAUL D. PATE et al,

        Defendants.

Case No. 4:24-cv-390

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

At a fundamental level, the State compiling secret lists of eligible voters to single out for additional examination ***purely on the basis of the voters' national origin*** is repugnant to the core values enshrined in the Constitution. Such a classification is per se prohibited by the Equal Protection Clause, places an undue burden on the fundamental right to vote, and denies Plaintiffs procedural due process. Plaintiffs moved for a Temporary Restraining Order ("TRO") and preliminary injunction on these Constitutional grounds, but the Defendants simply ignore these claims. *See* ECF No. 9 (the "Motion"). Defendants respond to a phantom brief Plaintiffs did not submit: Plaintiffs' Motion does *not* argue or seek relief based on Iowa's provisional balloting scheme violating the National Voter Registration Act of 1993 ("NVRA"). Instead, it argues that the *Secretary's directive* violates the *Constitution*. As to these arguments, Defendants offer no response. Defendants also misleadingly suggest that Plaintiffs are seeking to alter election laws on the eve of an election, when it is Defendants who are altering the status quo by taking steps to disenfranchise registered voters who are naturalized U.S. citizens. Plaintiffs do not seek to facially enjoin any election laws—only Defendants' unconstitutional implementation of them. Adopting Defendants' position would create a lawless free-for-all in which states can discriminatorily

1

deprive citizens of the right to vote immediately before an election, leaving disenfranchised voters with no recourse. For the reasons that follow, and the reasons previously articulated in Plaintiffs' opening brief, ECF No. 9-1, Plaintiffs' Motion must be granted. *See* ECF No. 9.

I.     **Plaintiffs' Motion for a TRO and Preliminary Injunction Rests Exclusively on Constitutional Grounds, which Defendants Completely Ignore.**

The State's Response in Opposition to Plaintiffs' Motion for A Temporary Restraining Order, ECF No. 14–1 ("Response") **completely omits**:

(1) The phrases "Equal Protection" and "Equal Protection Clause;"

(2) *Any* argument contesting that the Voter Purge Program deprives Plaintiffs of procedural due process; and

(3) *Any* argument or evidence contesting the fact that the Secretary's list contains numerous, confirmed naturalized citizens and eligible Iowa voters.

Taken in total, Defendants ignore Plaintiffs' Constitutional arguments. Instead, Defendants hang their hat entirely on the NVRA, which is not at issue on this Motion.

Yet, Plaintiffs' Motion rests solely on three grounds: (1) violation of the Equal Protection Clause; (2) violation of the fundamental right to vote; and (3) violation of Plaintiffs' procedural due process. *See* ECF No. 9-1. Defendants make no argument that Plaintiffs do not have a likelihood of success on the merits of their Constitutional claims; instead, Defendants offer thirty pages defending their ill-conceived and unconstitutional Voter Purge Program as being compliant with the NVRA—a law that Plaintiffs do not rely on in their Motion. By failing to respond to Plaintiffs' actual legal claims, Defendants have waived any argument as to Plaintiffs' likelihood of success on the merits.

Defendants also do not contest that the Secretary's list contains U.S. citizens who are eligible to vote. They do not dispute that the Individual Plaintiffs are naturalized citizens and eligible to vote, nor do they rebut any of Plaintiffs' evidence about other eligible voters on the

Secretary's list. In fact, Defendants acknowledge that the Secretary's list "could be shorter" and that "the Secretary of State [does not] have a list of naturalized citizens." Response at 9. And they do not identify *any* members on the Secretary's list who are definitively noncitizens. Plaintiffs' evidence about the high percentage of eligible, U.S. citizen voters on the Secretary's list is unrebutted. That unrebutted fact alone necessitates urgent relief.

## II.   Defendants' Reliance on *Purcell* is Misplaced.

Defendants misconstrue and weaponize *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam), which does not apply here. *Purcell* does not stand for the principle that a state actor (or federal court, for that matter) can alter election procedures at the final moment to violate a discrete group's rights under the Constitution. Under Defendants' reading of *Purcell*, the Secretary could disenfranchise millions of Iowa voters days before an election and then claim that *Purcell* barred any court from stepping in to reverse that decision. This cannot possibly be true.

And as the Eighth Circuit has acknowledged, "the *Purcell* principle is a presumption against disturbing the status quo." *Carson v. Simon*, 978 F.3d 1051, 1062 (8th Cir. 2020). The status quo favors granting relief here because it is Defendants who inexplicably announced this policy on the eve of the General Election, despite having had years to review the voter rolls for potential noncitizens. While Defendants attempt to fault the United States—which is not a party to this case—for "refus[ing]" to confirm the immigration status of registered voters in Iowa, Defendants could have timely requested access to the U.S. Citizenship and Immigration Services' SAVE database, which is used by at least ten other states for this purpose. *See* Letter from U.S. Citizenship and Immigration Service, *Alabama Coalition for Immigrant Justice v. Allen*, No. 24-CV-1254, ECF No. 82-3 (M.D. Ala. Oct. 10, 2024). Plaintiffs are merely asking the Court to *return* things to the status quo under both Federal and Iowa law and restore the Affected Voters to the

same status as other registered voters in the state—a status they held less than two weeks ago. It is instead the Secretary's unlawful and last-minute Voter Purge Program that has injected uncertainty into the election—not a proposed court order to undo it.

For example, the *Carson* court itself *rejected* a last-minute change to ballot counting procedures by the Minnesota Secretary of State. 978 F.3d at 1054, 1062–63. In this case, the Secretary is once again the party that is attempting to move the ball at the last possible moment. As established in the Plaintiffs' opening brief, the Secretary only revealed his secret list of Affected Voters and directed they automatically be challenged on October 22, 2024. Nothing in the Iowa Code allows for such a program. For that matter, no act of the Iowa Legislature permits the Secretary to classify a subset of voters based on national origin and target them for special treatment less than two weeks before an election. The Voter Purge Program is a creature of the Secretary's own making, not that of the Iowa Legislature.

Further, *Purcell* is meant to apply in situations where the public at large is at risk for voter confusion due to a last moment change in voting procedure or laws. Here, only a discrete group of voters is affected—ones singled out solely on the basis of their national origin. And as to those eligible voters, the Voter Purge Program is designed to drive them away from the polls through confusion and intimidation—the exact thing *Purcell* tries to avoid.

Finally, Defendants' *Purcell* claim relies principally on the misrepresentation that Plaintiffs argue that Iowa's provisional-ballot process—"one that has been in place for more than two decades"—is now suddenly facially unlawful "[l]ess than one week before the election." Response at 13, 14, 17. Yet Plaintiffs do not challenge any of these laws; they challenge only the Secretary's directive that he propagated days ago. Notably, *Carson*, which Defendants rely on, held that "the state legislature" is the body that "sets the status quo" for purposes of *Purcell*, not

4

unconstitutional actions by executive officials. 978 F.3d at 1062. That Defendants are "puzzled" that Plaintiffs bring this challenge "days before Election Day" belies a fundamental misunderstanding of the legal challenge brought here. *See* Response at 17. Plaintiffs challenge the Secretary's destabilizing last-minute policy change that dramatically upended the status quo at the eleventh hour and violates the Constitution, when early voting for a presidential election had already begun.

### III. *Beals* Does Not Apply to Plaintiffs' Motion for a TRO and Preliminary Injunction.

As noted above, Plaintiffs' Motion for rests on Constitutional grounds, not the NVRA. In fact, Plaintiffs make no reference to the NVRA as a basis for the likelihood of success on the merits.

While Defendants are correct that earlier this week, the Supreme Court, in a brief, unsigned order, stayed a decision by the district court that would have required Virginia to return more than 1,600 individuals to the voting rolls, the district court's decision—which was upheld by the Fourth Circuit—was premised entirely on the NVRA's statutory framework. *See Va. Coal. For Immigrant Rights v. Beals*, No. 24-2071, 2024 WL 4601052 (4th Cir. Oct. 27, 2024). There were no equal protection, fundamental rights, or due process claims at issue in that litigation. By its very terms, *Beals* does not apply to Plaintiffs' Motion for a TRO and Preliminary Injunction in this case.

### CONCLUSION

For the reasons articulated herein and in their opening brief, *see* ECF No. 9-1, Plaintiffs respectfully request the Court grant its Motion for a Temporary Restraining Order and Preliminary Injunction. *See* ECF No. 9.

| | |
|---|---|
| Dated: November 1, 2024 | /s/ Jesse Linebaugh |

Jesse Linebaugh (AT0004744)
Email: jesse.linebaugh@faegredrinker.com
Matthew J. Scott (AT0014441)
Email: matthew.scott@faegredrinker.com
Joe R. Quinn (AT0015363)
Email: joe.quinn@faegredrinker.com
Emily R. O'Brien** (AT0015757)
Email: emily.obrien@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
Telephone: +1 515 248 9000

Craig S. Coleman*
Email: craig.coleman@faegredrinker.com
Jeffrey P. Justman*
Email: jeff.justman@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone: +1 612 766 7000

Rita Bettis Austen (AT0011558)
Email: rita.bettis@aclu-ia.org
Thomas D. Story (AT0013130)
Email: thomas.story@aclu-ia.org
AMERICAN CIVIL LIBERTIES UNION OF IOWA FOUNDATION
505 Fifth Avenue, Suite 808
Des Moines, IA 50309
Telephone: +1 515 243 3988

Ari Savitzky*
Email: asavitzky@aclu.org
Jonathan Topaz*
Email: jtopaz@aclu.org
Ming Cheung*
Email: mcheung@aclu.org
Sophia Lin Lakin*
Email: slakin@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: +1 212 549 2500

Patricia Yan*
Email: pyan@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
915 15th Street NW
Washington, DC 20005
Telephone: +1 202 457 0800

*Pro Hac Vice Application Forthcoming
**Application for Admission Forthcoming

*Attorneys for Plaintiffs Orcun Selcuk, Alan David Gwilliam, Tingting Zhen, Michael Brokloff, and the League of United Latin American Citizens of Iowa*

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that a true copy of the foregoing document was filed electronically through the Court's CM/ECF filing system on November 1, 2024, which will send notice to all counsel of record.

                 */s/ Jesse Linebaugh*