IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| ORCUN SELCUK; *et al.*;<br><br>Plaintiffs,<br><br>v.<br><br>PAUL D. PATE, in his official capacity as the Iowa Secretary of State; *et al.*,<br><br>Defendants. | Case No. 4:24-cv-00390<br><br>**PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**<br><br>**EXPEDITED RELIEF REQUESTED** |

## PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

In accord with Rules 26, 32, and 33 of the Federal Rules of Civil Procedure, Plaintiffs Orcun Selcuk, Alan David Gwilliam, Tingting Zhen, Michael Brokloff, and the League of United Latin American Citizens of Iowa (collectively, "Plaintiffs") respectfully move the Court for leave to obtain targeted, expedited written discovery necessary to assess whether Defendants have adopted any safeguards to prevent United States citizens from being wrongfully disenfranchised. The Court's November 3, 2024 order denying Plaintiffs' motion for a temporary restraining order reviewed the history of the Secretary's list of voters and the process persons on the list face to have their votes cast and counted. *See* ECF No. 32 ("Order"). Given developing facts on election day and the impending period for evaluating provisional ballots, Plaintiffs seek expedited discovery to obtain transparency about treatment of voters on the list and the procedures being used to assess the citizenship of those voters.

In support of this Motion for Expedited Discovery, Plaintiffs state:

1. As set forth in the Court's Order, the Secretary produced a list of registered voters he claims should be suspected of being non-citizens. Order at 1, 4. It is undisputed that the list contains individuals who are, in fact, United States citizens. *Id.* at 4. It also includes individuals whose citizenship cannot reasonably be disputed based on the facts assessed by the Secretary. *Id.* at 12. The Court's Order recognized that the Secretary "backed away from the bright-line positions" in his directives to local officials. *Id.* at 13.

2. Unfortunately, notwithstanding his representations to the Court, Plaintiffs are not aware of any additional guidance provided by the Secretary to local election officials. On election day, local election officials are taking inconsistent, often legally wrong approaches to the affected voters that are deeply concerning. In support of this Motion, Plaintiffs submit attached brief in support and the declarations of Zydrune Didvyzte-Morgan, Kolby Warren, Shayla McCormally, which are all being filed contemporaneously herewith.

3. No clear rules govern the determination whether a registered voter can cast a normal ballot. Voters have been turned away from the polls even when presenting valid passports. Likewise, for voters forced to cast provisional ballots, no clear rules govern the determination whether to count the ballot.

4. Acknowledging the Court's concerns with issuance of injunctive relief at this stage of the election, Plaintiffs seek transparency to understand how this election is being administered with respect to voters on the Secretary's list. Such transparency is essential monitoring administration of the election and protecting the rights of affected voters.

5. Plaintiffs attached their Request for Production of Documents propounding narrow requests for production of specific documents. Plaintiffs' intended expedited discovery requests are being filed contemporaneously herewith.

6.       At approximately 3:00 PM CT, counsel for Plaintiffs met and conferred with counsel for the Secretary via videoconference in an attempt to resolve this discovery issue. Despite this good faith meet and confer, the Secretary opposes any discovery and indicated the Secretary intends to oppose Plaintiffs' Motion.

7.       Permitting expedited discovery in such circumstances is appropriate. *See Gibson v. Bagas Restaurants, Inc.*, 87 F.R.D. 60, 61 (W.D. Mo. May 8, 1980) (finding that expedited discovery should be granted "when some unusual circumstances or conditions exist[ed] that would be likely to prejudice the party if he were compelled to wait the required time.") Courts generally use one of two standards to determine whether expedited discovery is appropriate. *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. March 25, 2008). Multiple courts have upheld the "good cause" standard as the "appropriate standard" for review. *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D.Cal.2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D.Colo.2003); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 613–14 (D.Ariz.2001). *Cf. Merrill Lynch,* 194 F.R.D. 618, 624. Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party." *Wachovia Sec., L.L.C. v. Stanton*, 571 F. Supp. 2d 1014, 1049–50 (N.D. Iowa 2008) (quoting *Monsanto*, 250 F.R.D. at 413).

8.       Plaintiffs meet this standard for the reasons set forth in the accompanying memorandum of law.

9.       Providing the expedited discovery responsive to the proposed requests attached hereto will not unfairly prejudice any party.

WHEREFORE, Plaintiffs respectfully request the Court to:

(a)     Enter an order granting expedited discovery; and

(b)     Order Defendants to produce the Secretary's list and contact information for persons on the list by November 6, 2023, and all other documents responsive to the requests for production of documents by November 7, 2024.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 5, 2024 | /s/ *Jesse Linebaugh* |
|  | Jesse Linebaugh (AT0004744) |
|  | Email: jesse.linebaugh@faegredrinker.com |
|  | Matthew J. Scott (AT0014441) |
|  | Email: matthew.scott@faegredrinker.com |
|  | Joe R. Quinn (AT0015363) |
|  | Email: joe.quinn@faegredrinker.com |
|  | Emily R. O'Brien** (AT0015757) |
|  | Email: emily.obrien@faegredrinker.com |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 801 Grand Avenue, 33rd Floor |
|  | Des Moines, IA  50309 |
|  | Telephone:  +1 515 248 9000 |
|  |  |
|  | Craig S. Coleman* |
|  | Email: craig.coleman@faegredrinker.com |
|  | Jeffrey P. Justman* |
|  | Email: jeff.justman@faegredrinker.com |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 2200 Wells Fargo Center |
|  | 90 South 7th Street |
|  | Minneapolis, MN 55402 |
|  | Telephone: +1 612 766 7000 |
|  |  |
|  | Rita Bettis Austen (AT0011558) |
|  | Email: rita.bettis@aclu-ia.org |
|  | Thomas D. Story (AT0013130) |
|  | Email: thomas.story@aclu-ia.org |
|  | AMERICAN CIVIL LIBERTIES UNION OF IOWA FOUNDATION |
|  | 505 Fifth Avenue, Suite 808 |
|  | Des Moines, IA 50309 |
|  | Telephone: +1 515 243 3988 |
|  |  |
|  | Ari Savitzky* |

Email: asavitzky@aclu.org
Jonathan Topaz*
Email: jtopaz@aclu.org
Ming Cheung*
Email: mcheung@aclu.org
Sophia Lin Lakin*
Email: slakin@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: +1 212 549 2500

Patricia Yan*
Email: pyan@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
915 15th Street NW
Washington, DC 20005
Telephone: +1 202 457 0800

*Pro Hac Vice Application Forthcoming
**Application for Admission Forthcoming

Attorneys for Plaintiffs Orcun Selcuk, Alan David Gwilliam, Tingting Zhen, Michael Brokloff, and the League of United Latin American Citizens of Iowa

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a true copy of the foregoing document was filed electronically through the Court's CM/ECF filing system on November 5, 2024, which will send notice to all counsel of record.

                                                */s/ Jesse Linebaugh*