IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| ORCUN SELCUK; *et al.*;<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>PAUL D. PATE, in his official capacity as the Iowa Secretary of State; *et al.*,<br><br>　　　　　Defendants. | Case No. 4:24-cv-00390<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY**<br><br>**EXPEDITED RELIEF REQUESTED** |

## INTRODUCTION

Plaintiffs bring this emergency motion for expedited discovery on election day because, whether by design or neglect, the Secretary's directives to local election officials are almost surely—at this very moment—disenfranchising voters in this election while sowing unacceptable confusion about the status of registered voters. According to affected voters and attorney observers, local election officials across the state are applying inconsistent and incorrect procedures to assess citizenship and administer the provisional voting process, including taking actions inconsistent with this Court's order issued just two days ago. Plaintiffs need expedited discovery, including immediate disclosure of potentially affected voters and their contact information, in order to assess the full scale of the potential disenfranchisement of Iowa voters who are naturalized citizens, contact those voters to inform them of their right to cure provisional ballots within a week of the election, and then to seek any further relief from this Court as appropriate, to ensure that all eligible voters are able to have their ballots counted.

Having issued a secret list of registered voters subjected to scrutiny, election challenges, and additional requirements to have their votes cast and counted, the Secretary has failed to provide

clear or consistent guidelines for determining whether to allow citizens on the list to cast normal ballots or procedures for resolving questions about citizenship once provisional ballots are cast. The consequences are producing an election-day disaster: registered voters presenting a United States passports have been turned away from the polls; at least one voter was informed a passport is insufficient to prove citizenship; other voters with passports are being compelled to vote provisionally with no direction about how to address citizenship concerns; and voters have been provided with no clarity about how their citizenship will be determined once they cast a provisional ballot. It is not clear that any such procedures exist. United States citizens are being denied the right vote as a direct consequence of the Secretary's conduct.

> In denying Plaintiffs' motion for temporary relief, the Court found that:
>
> (i) consistent with the clarifications provided by Secretary Pate after his initial letter, many of the voters on his list of 2,176 will be entitled to vote a regular, non-provisional ballot; and (ii) those who are required to vote provisionally will have their votes counted if they provide timely evidence of citizenship status.

ECF No. 32 at 15. Unfortunately, the Secretary is failing to make that happen. Accordingly, Plaintiffs seek targeted expedited discovery to ensure real-time transparency about administration of the election and to assess legal recourses should Defendants continue to fail to institute adequate safeguards to protect the rights of registered voters forced to cast provisional ballots.

It is particularly concerning that, while meeting and conferring about this motion, counsel for the Secretary could not articulate whether the Secretary has made *any* additional corrections or guidance to his previous directives, notwithstanding acknowledgment to the Court of flaws with the list and this Court's order identifying issues under Iowa law with the Secretary's directive. In response to Plaintiffs' concerns about ongoing confusion by election officials and mistreatment of voters, the Secretary refuses to provide any discovery or transparency. Ultimately, Plaintiffs are entitled to know who and how many voters have been disenfranchised by Defendants' actions, and

to gain much-needed clarity ahead of the fast-approaching deadline for voters who cast provisional ballots to sufficiently prove their citizenship so their provisional ballots actually count.

Plaintiffs respectfully request that the Court issue an order directing the Secretary to immediately produce his list of voters subject to scrutiny about citizenship and the state's current voter file for those voters containing their contact information. Plaintiffs understand those documents to be readily available and do not present any burden for the Secretary to provide. Plaintiffs also seek the disclosure, within 48 hours, all directives issued to county election officials regarding the list, and all directives regarding how to evaluate citizenship of voters whether casting normal or provisional ballots.

## FACTUAL BACKGROUND

On November 3, 2024, this Court issued an order premised on its findings that:

> (i) consistent with the clarifications provided by Secretary Pate after his initial letter, many of the voters on his list of 2,176 will be entitled to vote a regular, non-provisional ballot; and (ii) those who are required to vote provisionally will have their votes counted if they provide timely evidence of citizenship status

ECF No. 32 at 15. The Court also held that the voters are not likely to suffer irreparable harm, because they "are still permitted to vote and have their ballots counted." *Id.* at 13. Since then, Plaintiffs have reason to believe that the implementation of the Secretary's directive on Election Day, November 5, 2024, in various counties has not only been been inconsistent, but also contrary to the Secretary's representations to this Court and the expectations set forth in this Court's order.

First, at least one voter was denied the ability to cast a ballot—including a provisional one—even though the voter was able to provide a U.S. Passport to prove their eligibility. Declaration of Shayla McCormally ¶¶7-8. An attorney inquiring on that voter's behalf was told by a staff person in the Lee County Auditor's office that a U.S. Passport is not sufficient proof of citizenship, based on the staff person's (erroneous) belief that anyone, including noncitizens, may

obtain a U.S. Passport. *Id.* Although the staff person later appeared to acknowledge to the attorney that a U.S. Passport may be sufficient, *see id.*, Plaintiffs are unaware at this time if this voter has been allowed to cast a ballot.

Second, at least one voter was required to cast a provisional ballot, despite having provided proof of citizenship, including a U.S. Passport, Declaration of Zydrune Didvyzyte-Morgan ¶ 9, which should have erased any "reasonable suspicion" that the voter is not a U.S. citizen, *see* ECF No. 32 at 11–12. That voter was also instructed to drive to the county auditor's office, which is 30 minutes away, to provide their naturalization certificate, because providing proof of citizenship at the polling place was insufficient. Didvyzyte-Morgan Decl. ¶ 9. That is directly contrary to the Secretary's concession to this Court that voters should not be required "to file provisional ballots even when they have proven citizenship at the polling place." ECF No. 32 at 2. The voter also reported being "repeatedly given conflicting information," which caused her to "spen[d] the day jumping through hoops." Didvyzyte-Morgan Decl. ¶ 12.

In response to inquiries from attorneys engaged in voter protection work, county auditors from Black Hawk and Marshall Counties have provided differing information on what documents constitute acceptable proof of citizenship, the procedures for challenges and the curing of provisional ballots, and the process for notifying voters. Declaration of Kolby Warren ¶¶ 4–6. Calls to Clinton and Scott Counties and the Iowa Secretary of State's Election Division have not yet been returned. *Id.*

Because of the Secretary's instruction that the list of voters subject to challenge must remain secret, Compl. ¶ 36, Plaintiffs have been unable to investigate the full scale of the potential disenfranchisement of eligible Iowa voters caused by the Secretary's directive. And because each locality appears to be adopting its own practices for evaluating U.S. citizenship and denying voters

the ability to cast a regular or provisional ballot, potentially due to missing or incorrect guidance from the Secretary, the risk of disenfranchisement is high unless the Secretary discloses the guidance that he has provided regarding his directive and the list of affected voters, so that Plaintiffs are able to contact and inform challenged voters of their rights to cast a ballot and the process for curing a provisional ballot in time for the vote to be counted.

On November 4, 2024, in anticipation of potential irregularities on Election Day and a possible need to seek additional relief from this Court, Plaintiffs informed the Iowa Attorney General's Office of Plaintiffs' intent to move for expedited discovery of the Secretary's list of voters who may be subject to challenge under his directive, as well as a list of voters who have either been required to cast a provisional ballot or been denied the ability to cast a ballot altogether on Election Day, due to a challenge to their citizenship. The Attorney General's Office responded on November 5, 2024, that "the exigent circumstance at issue (the upcoming election) is no longer present."

On November 5, 2024, Plaintiffs responded that the exigency remains, because naturalized U.S. citizens have encountered obstacles to their ability to cast a ballot at the polls, and requested a meet and confer. Plaintiffs conferred with the Attorney General's Office regarding their proposed motion to seek expedited discovery. The Attorney General's Office indicated that some documents, including particularly the list of affected voters, already exist and would not present a burden to produce, but that the Secretary's communications would have to be collected. The Attorney General's Office indicated that they would resist the motion and intend to file a response.

## **ARGUMENT**

This Court may issue an order for expedited discovery upon a showing of good cause. *See, e.g.*, *Luzadder v. Accelerated Servicing Grp., LLC*, No 4:19-CV-00268-RP-RAW, 2019 WL

6293893, at *1 (S.D. Iowa Nov. 19, 2019); *Rapid Refill, LLC v. JDDK, Inc.*, Case No. C14-0084, 2014 WL 12581758, at *2–3 (N.D. Iowa July 17, 2014); *Dorrah v. United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012). The "good cause" standard "balance[s] the need for expedited discovery, in the administration of justice, against the prejudice to the responding party, and consider[s] the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Wachovia Sec. LLC v. Stanton*, 571 F. Supp. 2d 1014, 1050 (N.D. Iowa 2008) (citing *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413, 2008 WL 821717, at *3 (E.D. Mo. Mar. 25, 2008)). The most common circumstances that a Court may consider in evaluating good cause include: "(1) the existence of a motion for preliminary injunction; (2) the breadth of the request for discovery; (3) the purpose for the request; (4) the burden of compliance; and (5) how far in advance of the usual discovery process the party made the request." *Council on Am.-Islamic Rels.-Minnesota v. Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380 (D. Minn. 2020).

Courts regularly authorize expedited discovery to ensure transparency regarding the conduct of elections and protection of the fundamental right to vote. *See, e.g.*, *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1112 (D. Kan.), aff'd, 691 F. App'x 900 (10th Cir. 2016), and aff'd, 840 F.3d 710 (10th Cir. 2016), and order enforced, 294 F. Supp. 3d 1154 (D. Kan. 2018) (evaluating request for injunctive relief after allowing parties to engage in expedited discovery in NVRA case); *Common Cause Georgia v. Kemp*, 347 F. Supp. 3d 1270, 1301 (N.D. Ga. 2018) (ordering expedited discovery related to provisional ballots and guidance Georgia Secretary of State provided related to counting such ballots); *Council on Am.-Islamic Rels.-Minnesota v. Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380 (D. Minn. 2020) (ordering expedited discovery in voter intimidation case). This case presents exactly the circumstances which merit expedited discovery.

While the Court relied on *Purcell v. Gonzales*, 549 U.S. 1 (2006), to deny preliminary injunctive relief, the *Purcell* principle does not apply to a request for discovery. *Purcell* concerns the availability of "injunctive relief" that "interfer[e] with state election laws in the lead up to an election." *Carson v. Simon*, 978 F.3d 1051, 1061 (8th Cir. 2020). Plaintiffs' motion does not seek to enjoin the operation of any state laws, only to expedite the discovery schedule in a limited fashion, which is well within this Court's discretion to order. *See Watson v. Miears*, 772 F.2d 433, 437 (8th Cir. 1985) ("Trial judges have the responsibility and authority to expedite the discovery process."). Indeed, Plaintiffs seek urgent discovery to provide transparency about election rules being applied.

Relief is especially warranted here given that the limited scope of Plaintiffs' discovery requests. Plaintiffs propound just three narrowly tailored requests for production of materials that should be readily available for production immediately and with minimal, if any, burden:

1. The Secretary's list of voters provided to county election commissioners, along with any revisions to the list and the voter file for individuals on the list, which would enable Plaintiffs to contact and inform affected voters about their rights during the period allowed for the curing of provisional ballots.

2. Directions to county election officials regarding assessment of citizenship and/or procedures for allowing persons on the Secretary's list to vote by normal or provisional ballot.

3. Directions, guidance, or procedures for determining whether to count the votes of persons on the list forced to cast provisional ballots.

While the need to protect the fundamental right to vote establishes good cause for this discovery, Defendants cannot make a credible burden argument. Plaintiffs request only targeted

documents that Defendants have already prepared and produced to county election officials. In conferring with Plaintiffs prior to the filing of this motion, Defendants did not claim that producing the the list of affected voters would be burdensome—that production should therefore be made immediately. To the extent it may take some time to collect and produce the directions and guidance that the Secretary has provided to county election officials, Plaintiffs submit that 48 hours should be sufficient for the Secretary to articulate the rules governing an ongoing election.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that this Court grant their Motion for Expedited Discovery and direct the Secretary to immediately produce the documents Plaintiffs request.

(signature block next page)

| | |
|---|---|
| Dated: November 5, 2024 | /s/ *Jesse Linebaugh* |

Jesse Linebaugh (AT0004744)
Email: jesse.linebaugh@faegredrinker.com
Matthew J. Scott (AT0014441)
Email: matthew.scott@faegredrinker.com
Joe R. Quinn (AT0015363)
Email: joe.quinn@faegredrinker.com
Emily R. O'Brien** (AT0015757)
Email: emily.obrien@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA  50309
Telephone:  +1 515 248 9000

Craig S. Coleman*
Email: craig.coleman@faegredrinker.com
Jeffrey P. Justman*
Email: jeff.justman@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone: +1 612 766 7000

Rita Bettis Austen (AT0011558)
Email: rita.bettis@aclu-ia.org
Thomas D. Story (AT0013130)
Email: thomas.story@aclu-ia.org
AMERICAN CIVIL LIBERTIES UNION OF
IOWA FOUNDATION
505 Fifth Avenue, Suite 808
Des Moines, IA 50309
Telephone: +1 515 243 3988

Ari Savitzky*
Email: asavitzky@aclu.org
Jonathan Topaz*
Email: jtopaz@aclu.org
Ming Cheung*
Email: mcheung@aclu.org
Sophia Lin Lakin*
Email: slakin@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
125 Broad Street, 18th Floor
New York, NY 10004

Telephone: +1 212 549 2500

Patricia Yan*
Email: pyan@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
915 15th Street NW
Washington, DC 20005
Telephone: +1 202 457 0800

*Pro Hac Vice Application Forthcoming
**Application for Admission Forthcoming

Attorneys for Plaintiffs Orcun Selcuk, Alan David Gwilliam, Tingting Zhen, Michael Brokloff, and the League of United Latin American Citizens of Iowa