# EXHIBIT B



| | |
|---|---|
| **Jesse Linebaugh**<br>Partner<br>jesse.linebaugh@faegredrinker.com<br>+1 515 447 4706 direct | Faegre Drinker Biddle & Reath LLP<br>801 Grand Avenue, 33rd Floor<br>Des Moines, Iowa 50309<br>+1 515 248 9000 main<br>+1 515 248 9010 fax |

faegredrinker.com

November 4, 2024

Dear Mr. Wessan:

Given the timeline and impending election, Plaintiffs do not intend to file an emergency appeal of the Court's order and will focus their efforts on minimizing the number of Iowa voters who are disenfranchised or unduly burdened by the Secretary's conduct. Plaintiffs request that the Secretary do the same.

We intend to take discovery regarding the formation, implementation, and consequences of the Secretary's October 22, 2024, directive, his list of registered Iowa voters subject to investigation and challenge, and related conduct (generally, the "Directive"). To ensure that all qualified voters can cast a ballot in the November 2024 election and have it counted, Plaintiffs intend to seek expedited discovery of:

- A complete list of registered voters in each county who may be subject to challenge under the Directive, including all available contact information;
- A list of any and all Iowa voters in each county who are or will be required to cast a provisional ballot due to a challenge to their citizenship;
- A list of any and all Iowa voters in each county who are or will be denied the ability to cast a ballot due to a challenge to their citizenship;
- Ongoing updates as to the processing and disposition of provisional ballots cast as a result of the Directive.

Please also ensure preservation of all documents of any type and in any form—including, but not limited to, correspondence, drafts, memoranda, data, and notes—regarding, *inter alia*:

- the decision to issue the Directive;
- directions to and/or correspondence with county election officials about implementation or administration of the Directive;
- all decisions about whether voters will remain on the Secretary's list and subject to challenge;
- all decisions about whether voters on the Secretary's list are required to submit a provisional ballot;
- all decisions about whether to accept and count provisional ballots of voters on the Secretary's list;
- all developments, communications, and updates addressed in the declaration in support of the Secretary's supplemental memorandum (ECF 31-1), including the

- 2 -                                   November 4, 2024

    conferences, conversations, and other communications with Iowa legislators, Iowa's Governor, Iowa Secretary of State office staff, Secretary of State staff in Georgia, Ohio, and other states, Iowa Department of Transportation staff, and agent(s) from the Iowa field office of the United States Citizenship and Immigration Services, as set forth in paragraphs 16 through 37 of that declaration.

Plaintiffs note that, in assessing the burden imposed on the rights of registered voters by the Secretary, the Court found that:

    (i) consistent with the clarifications provided by Secretary Pate after his initial letter, many of the voters on his list of 2,176 will be entitled to vote a regular, non-provisional ballot; and (ii) those who are required to vote provisionally will have their votes counted if they provide timely evidence of citizenship status.

ECF No. 32 at 15. Defendants' conduct this week will determine the extent to which the Court's prediction is borne out.

Plaintiffs also caution that federal law prohibits election officials from "fail[ing] or refus[ing] to permit" a qualified voter to vote; it is also unlawful to refuse "to tabulate, count, and report such person's vote." 52 U.S.C. § 10307(a). The Court's order further noted an obligation under Iowa law, explaining that election officials "face criminal sanctions for performing their duties in a way that hinders the Iowa Legislature's goal of allowing all eligible citizens to vote." ECF No. 32 at 12.

I am available to address any questions about this matter.

Sincerely,

Jesse Linebaugh

JL/