**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

ORCUN SELCUK; ALAN DAVID GWILLIAM; TINGTING ZHEN; MICHAEL BROKLOFF; NINO NATENADZE; and THE LEAGUE OF UNITED LATIN AMERICAN CITIZENS OF IOWA, on behalf of itself and its members,

Plaintiffs,

v.

PAUL D. PATE, in both his official capacity as the Iowa Secretary of State and in his individual capacity; BENJAMIN D. STEINES, in his official capacity as the Winneshiek County Auditor and Winneshiek County Commissioner of Elections; JAMIE FITZGERALD, in his official capacity as the Polk County Auditor and Polk County Commissioner of Elections; MELVYN HOUSER, in his official capacity as the Pottawattamie County Auditor and Pottawattamie County Commissioner of Elections; JULIE PERSONS, in her official capacity as the acting Johnson County Auditor and acting Johnson County Commissioner of Elections; and KERRI TOMPKINS, in her official capacity as the Scott County Auditor and Scott County Commissioner of Elections,

Defendants.

Case No. 4:24-cv-00390

**RENEWED UNOPPOSED STIPULATION AND JOINT MOTION FOR STAY**

**RENEWED STIPULATION AND JOINT MOTION OF PLAINTIFFS AND DEFENDANT COUNTY AUDITORS FOR STAY**

All Plaintiffs in this action and Defendants Steines, Fitzgerald, Houser, Persons, and Tompkins, in their official capacities as the County Auditors and County Commissioners of

Elections of their respective counties of the State of Iowa, and on behalf of themselves, their offices, their successors in office, and all personnel acting on behalf of their respective offices ("Defendant County Auditors") (together, the "Stipulating Parties") stipulate and jointly move for a stay of all deadlines for the Defendant County Auditors, subject to the conditions set forth below. The other Defendant in this action—Secretary of State Paul D. Pate—takes no position on this Stipulation and Joint Motion for a Stay.

This Renewed Stipulation and Joint Motion follows the Plaintiffs' filing of their Amended Complaint on April 4, 2025 (ECF No. 66), and is substantively identical to the previous Stipulation and Joint Motion for the same filed on January 28, 2025 (ECF No. 55) and granted by the Court on January 29, 2025 (ECF No. 56).

A district court has discretion whether to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Huggins v. FedEx Ground Package Sys.,* 592 F.3d 853, 856 (8th Cir. 2010) ("District courts have broad discretion to manage their dockets and address particular circumstances by enforcing local rules and by setting enforceable time limits."); *Walsh Construction Co., II, LLC, v. Peerless Specialty Flooring, LLC*, 2017 WL 7693380, *2 (S.D. Iowa Aug. 14, 2017) (unreported) (determining court had discretion to excuse violations of its own procedural deadline). The district court's power to grant a stay of proceedings before it is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254 (1936).

In considering a motion to stay, the court weighs "factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties." *See Doe v. Univ. of Nebraska*, 2020 WL 5057767, *1 (D. Neb. Aug. 7, 2020). Here, a stay is reasonable and

supported by good cause because it will simplify the issues in question, reduce the burden of litigation for all parties, and will not burden the other defendant.

In light of the foregoing, the Stipulating Parties enter into the following stipulations and agreements, and make the following joint motion:

1. The Stipulating Parties hereby jointly move to stay all deadlines for the Defendant County Auditors in this case, subject to the conditions herein. If such a stay is entered, Plaintiffs will not seek to lift the stay over the Defendant County Auditors' objection, absent good cause.

2. The stay of all deadlines for the Defendant County Auditors set forth in Paragraph 1 will be conditioned upon, and subject to the agreement of, each Stipulating Party as follows:

    a. Each Defendant County Auditor, in their official capacity, agrees (on behalf of themselves, their offices, their successors in office, and all personnel acting on behalf of their respective offices) to the following:

        i. To comply with and be bound by the terms of any injunction, preliminary or permanent, that may be entered in this matter against Defendant Paul D. Pate, in his official capacity as Secretary of State of the State of Iowa ("State Defendant"). An injunction or declaratory judgment entered against the State Defendant shall be binding upon the Defendant County Auditors to the same extent as against any State Defendant.

        ii. Not to enforce (or seek to enforce) any enjoined action, directive, policy, or practice in a manner that violates said injunction during the time such an injunction is in place, or against conduct that was protected by such an injunction at the time that conduct occurred, even if such injunction was later vacated; and

iii. That any judgment in this action declaring the State Defendant's action, directive, policy, or practice unconstitutional will be binding on themselves, their respective offices, successors in office, and all personnel acting on behalf of their respective offices, to the same degree it is binding on the State Defendant.

b. In the event that the State Defendant prevails on any claim on the merits—including dismissal for failure to state a claim or summary judgment on the merits—the Plaintiffs agree to be bound by that judgment with respect to the Defendant County Auditors to the same degree they are bound with respect to any State Defendant.

3. The Stipulating Parties agree that, upon Court approval of this agreement and joint motion, the Court may enforce this agreement as necessary and appropriate in the adjudication of this matter and in the enforcement of its orders or judgment entered in this matter.

4. The Stipulating Parties agree to forgo any claim for damages, attorneys' fees and costs against each other.

5. To the extent written discovery, deposition testimony, or other sworn statement of the County Auditors shall be reasonably necessary for evidentiary purposes, Plaintiffs and the undersigned County Auditors stipulate and agree to reasonably cooperate with each other to provide such discovery, testimony, or statement.

6. County Auditors agree that they will not impede discovery in this action; that they will, by the dates contemplated in the Scheduling Order and Discovery Plan to be entered in this matter in the normal course, answer and respond to the written interrogatories, document requests, and requests for admission served upon them by Plaintiffs.

7. Consistent Local Rule 7(j), the Stipulating Parties provide the following information to the court:

a. This motion seeks to stay all deadlines applicable to Defendant County Auditors indefinitely, with the exception of discovery deadlines as outlined above;

b. No new date or deadline is requested at this time;

c. These deadlines have been continued or extended previously through the granting of the previous Stipulation and Joint Motion to continue county auditor deadlines, as indicated above;

d. Existing court-ordered deadlines in this matter are:

   i. The motion to dismiss or answer deadline for State Defendant is **May 19;**

   ii. The proposed discovery and scheduling plan deadline **May 27;** and

   iii. A scheduling Conference is scheduled for **June 3**.

e. No final pretrial conference or trial date is scheduled yet.

8. Consistent with Local Rule 7(k), counsel for Plaintiffs have conferred with counsel for the County Auditor Defendants. Plaintiffs and the County Auditor Defendants bring this motion jointly. In addition, counsel for Plaintiffs conferred with counsel for State Defendant, who takes no position on this motion.

Dated: April 30, 2025

Respectfully submitted,

/s/Rita Bettis Austen

Rita Bettis Austen, AT0011558
Thomas Story, AT0013130
ACLU of Iowa Foundation Inc.
505 Fifth Avenue, Ste. 808
Des Moines, IA 50309-2317
Phone: (515) 243-3988
Fax: (515) 243-8506
rita.bettis@aclu-ia.org
Thomas.story@aclu-ia.org

*For Plaintiffs*

Rachel Zimmermann Smith
Johnson County Attorney

Susan D. Nehring
First Assistant Johnson County Attorney

Ryan A. Maas
Assistant Johnson County Attorney

/s/ Rachel Zimmermann Smith
Rachel Zimmermann Smith
500 S. Clinton Street, Suite 400
Iowa City, IA 52240
Phone: (319) 339-6100
Fax: (319) 339-6149
rzimmerm@johnsoncountyiowa.gov
snehring@johnsoncountyiowa.gov
rmaas@johnsoncountyiowa.gov

ATTORNEYS FOR JULIE PERSONS
JOHNSON COUNTY AUDITOR

/s/ Michael C. Richards
Michael C. Richards, AT0010828
Katherine E. Gral, AT0013357
DENTONS DAVIS BROWN PC
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
mike.richards@dentons.com
katie.gral@dentons.com
ATTORNEYS FOR DEFENDANT MELVYN HOUSER
AND BENJAMIN D. STEINES

/s/ Kristina K. Lyon
Kristina K. Lyon
Assistant County Attorney
400 West Fourth Street
Davenport, Iowa 52801
Phone: 563-326-8600
Kristina.Lyon@scottcountyiowa.gov

ATTORNEY FOR DEFENDANT KERRI TOMPKINS
SCOTT COUNTY AUDITOR

/s/ Donald D. Stanley, Jr.
Donald D. Stanley, Jr.
Assistant Polk County Attorney
Polk County Attorney's Office
111 Court Avenue Suite 340
Des Moines, Iowa 50309

ATTORNEY FOR DEFENDANT JAMIE FITZGERALD
POLK COUNTY AUDITOR

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system, serving all Defendants.

Date: April 30, 2025

/s/ Rita Bettis Austen
Rita Bettis Austen