# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| ORCUN SELCUK, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>PAUL D. PATE, in his official capacity as the Iowa Secretary of State; *et al.*,<br><br>　　　　　Defendants. | Case No. 4:24-cv-00390<br><br>**SETTLEMENT AGREEMENT** |

　　　　This Settlement Agreement ("Agreement") is hereby made on this 9th day of February, 2026 ("Effective Date") by and between Orcun Selcuk, Alan David Gwilliam, Tingting Zhen, Michael Brokloff, Nino Natenadze, (collectively, "Plaintiffs") on the one hand; and Paul D. Pate, in both his official capacity as the Iowa Secretary of State and in his individual capacity ("Defendant"), on the other hand. In the remainder of this Agreement, Plaintiffs and Defendant may be referred to collectively as the "Parties" and each individually as a "Party."

**I.　　STIPULATION OF FACTS**

The Parties hereby stipulate and agree to the following facts in support of this Agreement:

　　A.　　Between October 7, 2024 and October 22, 2024, the Iowa Secretary of State ("Secretary") obtained and compared Iowa Department of Transportation ("IDOT") records with the Iowa voter registration roll. In making this comparison, the Secretary identified 2,176 registered voters who had at some point self-reported to the IDOT that they were non-U.S. Citizens (the "Affected Voters").

　　B.　　On or about October 22, 2024, based on the comparison described in Paragraph 1, the Secretary placed the 2,176 Affected Voters on a list (the "October 2024 List") and distributed it to county election commissioners along with instructions and a directive to challenge any ballot cast by an Affected Voter on the October 2024 List (the "Directive").

　　C.　　The Secretary's Directive asked county election commissioners to "inform the Precinct Election Officials in the relevant precincts, that they are required under Iowa law to challenge the ballots of any person in the attached [October 2024 List] who attempt to vote in the 2024 General Election." According to the Secretary, this was based on his determination that "there is enough basis for a reasonable person to suspect those on the [October 2024 List] are ineligible to vote due to citizenship status."

　　D.　　The Directive did not include instructions to notify the Affected Voters of their placement on the October 2024 List. The Secretary's Office did not notify Affected

      Voters of their placement on the October 2024 List before the November 2024 General Election, nor to date.

  E.    The 2024 General Election was held on November 5, 2024. The October 2024 List was compiled less than 30 days before the 2024 General Election and was distributed to county election commissioners along with the Directive within 14 days of the General Election.

## II. CONSIDERATION AND TERMS

  A.    <u>Plaintiffs' Consideration</u>. In consideration of Plaintiffs' entry into this Agreement and pursuant to its terms, Plaintiffs agree to the following:

      1.    Entry of an Order by the Court incorporating this Agreement;

      2.    Dismissal of all claims in the Amended Complaint with prejudice, including claims against defendants not a party to this Agreement.

  B.    <u>Defendants' Consideration</u>. In consideration of Defendant's entry into this Agreement and pursuant to its terms, Defendant agrees to the following:

      1.    Entry of an Order by the Court incorporating this Agreement;

      2.    Not use the October 2024 List or any portion thereof for any purpose in any future election or for any future ballot-related challenges, removals, or any other voter list maintenance activity. Nothing in this Agreement precludes challenging the voter registration for federally confirmed non-U.S. Citizens.

      3.    Confirm that Defendants already rescinded the Directive and instructed county election commissioners not to use the October 2024 List or any portion thereof to support any future ballot-related challenges, removals, or any other voter list maintenance activity.

      4.    Not rely exclusively on IDOT data to create or formulate any future list of previously registered voters as a basis to challenge voter eligibility within 90 days of an election. Nothing in this Paragraph shall prohibit Defendants from using any data (including IDOT data) to confirm voter eligibility for any first-time voter registration based on criteria other than citizenship (such as age or residency) within 90 days of an election.

  C.    <u>Acceptance</u>. In the event this Agreement is not accepted and adopted by the Court in whole, the Agreement will be considered void and Plaintiffs will have the right to proceed in this lawsuit against Defendant for all available relief.

  D.    <u>Public Record</u>. On signing of this agreement, the Parties agree that this Agreement will become a public record under Iowa Code chapter 22.

  E.    <u>No Admission of Liability</u>. This Agreement is not and shall not be construed as an admission by any Party that a Party violated any federal, state, or local laws, rules, or policies. The Parties have entered into this Agreement for the sole purpose of avoiding

the burden, expense, delay, and uncertainties involved with proceeding through the litigation process.

**III.   DISMISSAL AND ENFORCEMENT**

    A.    <u>Dismissal of Claims</u>. Upon acceptance of this Agreement by all Parties, Plaintiffs will file a Stipulated Joint Motion for an Order from the Court that incorporates this Agreement and seeks:

        1.    Dismissal of all claims against Defendant and all other named defendants with prejudice;

        2.    Court acceptance and adoption of this Agreement;

    B.    This Agreement and any Order entered thereon shall be enforceable by all means provided by law.

    C.    The Parties expressly agree and warrant that this Agreement shall be enforceable against Defendant and any other individual to hold the office of Iowa Secretary of State.

**IV.   GENERAL PROVISIONS.**

    A.    <u>Governing Law</u>. This Agreement and any dispute arising out of or related to this Agreement shall be governed and interpreted in accordance with the laws of the State of Iowa without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

    B.    <u>Costs</u>. Each Party shall bear its own costs and legal fees in connection with this case, including, but not limited to, the negotiation and preparation of, and performance under, this Agreement and any activities related to the implementation of this Agreement.

    C.    <u>Entire Agreement</u>. This Agreement, including any documents or exhibits referred to herein, constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, both written and oral, among the Parties, with respect to the subject matter of this Agreement.

    D.    <u>Severability</u>. In the event any provision of this Agreement or the application thereof becomes or is declared by a court of competent jurisdiction to be illegal, void, or unenforceable, the remainder of this Agreement will continue in full force and effect and the application of such provision to other persons or circumstances will be interpreted to reasonably effect the Parties' intent. The Parties also agree to replace such void or unenforceable provision of this Agreement with a valid and enforceable provision that will achieve, to the fullest extent possible, the purpose(s) of such void or unenforceable provision.

    E.    <u>Amendments</u>. No amendment, modification, or supplementation of any provision of this Agreement shall be valid or effective unless made in writing and approved in writing by all Parties or an authorized agent thereof.

      F.      <u>Term</u>. This Agreement shall commence as of the Effective Date and continue until the terms of the Agreement are complete or one year, whichever is earlier.

AGREED AND EXECUTED BY:

**FOR ALL PLAINTIFFS**: Orcun Selcuk, Alan David Gwilliam, Tingting Zhen, Michael Brokloff, Nino Natenadze:

Rita Bettis Austen (AT0011558)
Email: rita.bettis@aclu-ia.org
AMERICAN CIVIL LIBERTIES UNION OF IOWA FOUNDATION
505 Fifth Avenue, Suite 808
Des Moines, IA 50309
Telephone: +1 515 243 3988

*Attorney for Plaintiffs*

_____      Date: February 9, 2026
Rita Bettis Austen


**FOR DEFENDANT** Paul D. Pate, in both his official capacity as the Iowa Secretary of State and in his individual capacity:

Eric Wessan
Solicitor General
Iowa Department of Justice
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-5164/6957
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

ATTORNEY FOR DEFENDANT

_____      Date: February 9, 2026
Eric Wessan